IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: PETER KOVALCHICK,<br>Debtor | : | Chapter 11 |
| | : | Main Case No. 5:01-bk-03870 |

| | | |
|---|---|---|
| PETER KOVALCHICK,<br>Plaintiff | : | Adversary No. 5:06-ap-50006 |
| Indispensable and Necessary Parties | : | |
| CYRUS P. DOLBIN, JUDGE OF<br>SCHUYLKILL COUNTY COURT<br>OF COMMON PLEAS | : | |
| JOHN J. THOMAS, CHIEF JUDGE OF<br>BANKRUPTCY COURT, MIDDLE<br>DISTRICT OF PENNSYLVANIA | : | FILED WILKES BARRE, PA<br><br>MAY 1 8 2006<br><br>Clerk, U.S. Bankruptcy Court |
| v. | : | |
| R/S FINANCIAL CORP., ROBERT J.<br>ROSENSTEIN, MIRIAM SMALLS,<br>RICHARD A. SPRAGUE, SPRAGUE &<br>SPRAGUE, CHARLES J. HARDY, AND<br>THOMAS GROSHENS,<br>Defendants | : | |

## MEMORANDUM OPINION

In this Memorandum Opinion, I will consider two motions, one filed by the Honorable John J. Thomas, Chief Judge of the United States Bankruptcy Court for the Middle District of Pennsylvania ("Chief Judge Thomas"), and the other filed by the Honorable Cyrus Palmer Dolbin, Judge of the Court of Common Pleas of Schuylkill County, Pennsylvania ("Judge

1

Case 5:06-ap-50006  Doc 58  Filed 05/18/06  Entered 05/18/06 15:23:12  Desc Main
Document    Page 1 of 10

Dolbin"), seeking to dismiss this adversary complaint under Fed. R. Civ. P. 12(b)(6)[1] for failure to state a claim upon which relief can be granted. For the reasons set forth in the discussion below, I find that (1.) both Chief Judge Thomas and Judge Dolbin are entitled to judicial immunity, (2.) the Complaint does not state a claim upon which relief can be granted as against Chief Judge Thomas or Judge Dolbin, and (3.) Chief Judge Thomas and Judge Dolbin are not proper parties to be joined in this adversary proceeding under Fed. R. Civ. P. 19(a).[2] I will therefore grant their motions to dismiss this adversary complaint as against them.

## Background

This matter arose for this Court through the Designation of Bankruptcy Judge for Service in Another District within the Circuit (the "Designation"), dated March 6, 2006, by United States Third Circuit Court of Appeals Chief Judge Anthony J. Scirica. In the Designation, Chief Judge Scirica designated and assigned me to this proceeding for such time as is necessary for the disposition of the above-captioned matter. This case was then pending in the United States Bankruptcy Court for the Middle District of Pennsylvania (the "Middle District") under main Bankruptcy Docket Number 01-03870, Adversary Proceeding Number 5:06-ap-50006 (the "MD PA Docket"), which is where is remains today.

## The Complaint and Procedural History

I will start my analysis of Chief Judge Thomas' and Judge Dolbin's Motions To Dismiss

---

[1] Fed. R. Civ. P. 12(b)(6) is made applicable to adversary proceedings in bankruptcy cases by Fed. R. Bankr. P. 7012(b).

[2] Fed. R. Civ. P. 19 is made applicable to adversary proceedings in bankruptcy cases by Fed. R. Bankr. P. 7019.

2

with a brief review of the underlying matter that is the subject of this litigation.[3] Very briefly, it appears from the Complaint for Injunction (the "Complaint")[4] filed by pro se plaintiff, Peter Kovalchick ("Plaintiff") that his difficulties began nearly 24 years ago[5] when R/S Financial Corporation, through its agents, employees, and officers (collectively, "R/S") successfully obtained a judgment in the Court of Common Pleas for Schuylkill County, Pennsylvania, against Plaintiff's parents in excess of One Million Dollars (the "Judgment").[6] R/S was represented then and continues to be represented by the law firm Sprague & Sprague through individual attorneys in that law firm (collectively, "Sprague"). R/S, through its counsel Sprague, has

---

[3]Much of the background of this case was discussed in the Memorandum Opinion supporting my Order dated and filed on March 29, 2006, denying Plaintiff's request that I recuse myself from this matter, and in the Memorandum Opinion supporting my Order dated and filed on May 5, 2006, denying both Plaintiff's motion to strike the motion to dismiss of certain defendants and Plaintiff's motion for sanctions against those defendants

[4] Although captioned and styled as a Complaint for Injunction, the Complaint includes seven counts, only one of which seeks injunctive relief. The other six counts assert various and sundry causes of action against defendants, each count seeking compensatory and punitive damages.
At a status conference that we held in open Court on April 26, 2006, Plaintiff acknowledged that the fundamental issue in this adversary proceeding is the same as much of his prior litigation in various courts. Plaintiff noted that he is presently involved in five separate courts fighting essentially the same issue – the judgment and sale of his property that occurred 20+ years ago.

[5] As Pennsylvania State Supreme Court Justice Ronald D. Castille remarked in one of the numerous court decisions arising out of this dispute: "This matter has a long and tortured history in the courts of this Commonwealth and in the federal bankruptcy courts over the past sixteen years." R/S Financial Corporation v. Kovalchick, et al, page 1, No. J-18-1998, No. 64 M.D. Appeal Docket 1997 (Pa. August 19, 1998). Nearly eight more years have passed, adding to the long and tortured history.

[6]According to the allegations in the Plaintiff's Complaint herein, the amount of the judgment, entered on May 22, 1982, after a jury trial, was $1,436,489.49. Through an appeal to the Pennsylvania Superior Court, the Plaintiff alleges, the principal amount of the judgment was reduced to $1,004,831.65 in 1985.

3

proceeded since 1982 with various actions in Schuylkill County state court to attempt to collect on the Judgment, including an action against Plaintiff and his wife and siblings, aiming to collect on the Judgment from some property transferred to Plaintiff and his wife by Plaintiff's parents. Judge Dolbin presided over most (if not all) of the Schuylkill County litigation of R/S against Kovalchick. Judge Dolbin is identified in many of Plaintiff's allegations as the judge in Schuylkill County who heard the R/S – Kovalchick matters.

Because Plaintiff was continually unsuccessful in his efforts to resist the R/S collection efforts, he (and other members of his family) periodically filed for protection pursuant to the United States Bankruptcy Code (the "Code") and, most recently, his pending Chapter 11 is open before Chief Judge Thomas. In the course of Plaintiff's bankruptcy proceeding, Chief Judge Thomas granted R/S relief from the automatic stay of Section 362 of the Code, permitting R/S, still represented by Sprague, to return to Schuylkill County court for its collection efforts. Also over the past few months, Plaintiff has been the subject of a certain criminal complaint alleged to have been initiated by R/S.

Plaintiff filed his Complaint in this adversary proceeding against R/S, Sprague, Robert J. Rosenstein, Miriam Smalls, Richard A. Sprague, Esquire, Charles J. Hardy, Esquire, and Thomas Groshens, Esquire (together, "Defendants"). The Complaint contains seven counts against the Defendants, as follows: (1) Theft by extortion; (2) illegal conduct - abuse of office, official oppression; (3) defrauding secured creditors; (4) perjury and falsification in official matters, inconsistent statements; (5) malicious prosecution; (6) malicious retaliation; and (7) intentional infliction of emotional distress. The Complaint also alleges violations of Plaintiff's 4th, 5th, 7th, and 14th Amendment rights, as well as his rights under 42 U.S.C. §§1983 and 1985(2). In

4

addition, the Complaint includes Chief Judge Thomas and Judge Dolbin as "indispensable and necessary parties (material witnesses)," but does not appear to seek any form of relief against either of the two judges.[7]

### Chief Judge Thomas' and Judge Dolbin's Motions To Dismiss

I begin by noting that when ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6),[8] I must accept as true the facts alleged in the Complaint, as well as all reasonable inferences that can be drawn from those facts. After viewing the facts and inferences in the light most favorable to Plaintiff, I should grant the motion and dismiss the Complaint if it appears that Plaintiff can show no set of facts to support claims that would entitle him to relief. Conley v. Gibson, 355 U.S. 41 (1957); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990); Angelastro v. Prudential- Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985); John L. Motley Associates, Inc. v. Rumbaugh, 104 B.R. 683, 685 (E.D. Pa. 1989); Waslow v. Grant Thornton, LLP (In re Jack Greenberg, Inc.), 212 B.R. 76, 81 (Bankr. E.D. Pa. 1997).

In their motions to dismiss, both Chief Judge Thomas and Judge Dolbin first assert that the Complaint must be dismissed against them because they are entitled to judicial immunity in this matter. I agree.

The United States Supreme Court has recognized that a judge, acting in his official capacity, is absolutely immune from suit provided the judge had subject-matter jurisdiction over the case before him. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Pierson v. Ray, 386 U.S.

---

[7]The nature and status of the two judges identified in the Complaint as indispensable parties is confusing and unclear.

[8]See fn. 1, above.

5

554, 553-54 (1967). In fact, "few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985). The United States Supreme Court has steadfastly followed this doctrine of the common law for more than a century, Cleavinger, 474 U.S. at 200, and has stated that, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump, 435 U.S. at 356-57.

> [T]his immunity applies even when the judge is accused of acting maliciously and corruptly, and it "is not for the protection or benefit of the malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." (citations omitted). It is a judge's duty to decide all cases that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation.

Pierson, 386 U.S. at 553-54 (citations omitted).[9]

---

[9]I note that on April 19, 2006, in another adversary proceeding filed by Plaintiff against Judge Dolbin, R/S, Rosenstein, Smalls, Sprague, and Richard Sprague, captioned Kovalchick v. Dolbin et. al., and docketed to Adv. No. 5-05-ap-50295, Chief Judge Thomas granted Judge Dolbin's motion to dismiss that adversary complaint finding that Judge Dolbin was entitled to judicial immunity from the causes of action alleged therein. Kovalchick v. Dolbin, Bankr. No. 5-01-bk-03670, Adv. No. 5-05-ap-50295 (Bankr. M.D. Pa. April 19, 2006). The gravamen of the complaint filed by Plaintiff in that proceeding is similar to that raised in the complaint filed herein, although the complaint docketed at Adv. No. 5-05-ap-50295 actually names Judge Dolbin as a defendant, and alleges that Judge Dolbin violated Plaintiff's 4th, 5th, 7th and 14th Amendment rights by entertaining and resolving the state court quiet title action against him. I find the reasoning applied by Chief Judge Thomas to support his decision that Judge Dolbin was entitled

6

Chief Judge Thomas was acting in a judicial capacity within his jurisdiction as the Chief United States Bankruptcy Court Judge for the United States Bankruptcy Court for the Middle District of Pennsylvania, the venue of Plaintiff's bankruptcy case. He is clearly entitled, therefore, to judicial immunity, and Plaintiff cannot include him as an "indispensable and necessary party" merely because Plaintiff is dissatisfied with certain rulings he made in Plaintiff's bankruptcy case. Likewise, Judge Dolbin, was acting in a judicial capacity within his jurisdiction as a Judge of the Schuylkill County Court of Common Pleas,[10] the venue of the R/S vs. Kovalchick litigation. Judge Dolbin is also entitled to judicial immunity, and Plaintiff cannot include him as an "indispensable and necessary party" merely because Plaintiff is dissatisfied with the rulings he made in the Schuylkill County litigation. If Plaintiff was unhappy with a particular ruling made by Chief Judge Thomas or Judge Dolbin, Plaintiff had the full, fair, and straight-forward remedy of appealing any ruling that he believed was incorrect. Plaintiff may not, however, collaterally attack the rulings by naming Chief Judge Thomas and Judge Dolbin as "indispensable and necessary parties" to this or any other adversary proceeding. Cleavinger, 474 U.S. at 199-200; Stump, 435 U.S. at 365-67; Pierson, 386 U.S. at 553-54.

In addition, Plaintiff's attempt to name Judge Dolbin as an "indispensable and necessary"

---

to judicial immunity in that adversary proceeding persuasive. On May 1, 2006, however, Plaintiff appealed Chief Judge Thomas' April 19, 2006 decision, and therefore, I do not rely on that decision to support my decision herein. Instead, I rely primarily upon the decisions cited above in my discussion of the judicial immunity doctrine.

[10] A judge sitting on a Court of Common Pleas in the Commonwealth of Pennsylvania is imbued with unlimited general jurisdiction of all actions and proceedings. See 42 Pa. C.S.A §931.

7

party to this proceeding to attack his rulings in the state court litigation involving Plaintiff and R/S is barred by the Rooker-Feldman doctrine, which "prevents 'inferior' federal courts from sitting as appellate courts for state court judgments." Knapper v. Bankers Trust Co. (In re Knapper), 407 F.3d 573, 580 (3d Cir. 2005). See also Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), which create the doctrine. Under the Rooker-Feldman doctrine, a lower federal court lacks jurisdiction to review a state court judgment if the relief sought is in the nature of appellate review. Knapper, 407 F.3d at 580; Blake v. Papadakos, 953 F.2d 68, 71 (3d Cir. 1992). Therefore, "the Rooker-Feldman doctrine prohibits [a lower federal court] from adjudicating actions in which the relief requested requires determining whether the state court's decision is wrong or voiding the state court's ruling." Knapper, 407 F.3d at 580, quoting Walker v. Horn, 385 F.3d 321, 329 (3d Cir. 2004)(citations omitted). I therefore believe that I lack authority under the Rooker-Feldman doctrine to review the propriety of Judge Dolbin's rulings in the state court litigation because an essential element of what Plaintiff seeks is a finding that Judge Dolbin's decisions are incorrect. Hence, Plaintiff may not name Judge Dolbin as an "indispensable and necessary party" to this adversary proceeding to thwart the Rooker-Feldman doctrine and attack Judge Dolbin's rulings.

I also note, as stated earlier, that none of the seven counts in the Complaint seeks redress against either Chief Judge Thomas or Judge Dolbin, and nothing in the Complaint seeks any form of relief, whether damages or injunctive relief, against either judge. For these reasons also, the Complaint must be dismissed as against both Chief Judge Thomas and Judge Dolbin as parties, in any capacity, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6);

8

Fed. R. Bankr. P. 7012(b).[11]

Finally, I note that, to the extent that the Complaint seeks to join Chief Judge Thomas and Judge Dolbin as "indispensable and necessary parties," it is ineffective under Fed. R. Civ. P. 19(a), and must be dismissed. Fed. R. Civ. P. 19(a)[12] states, in relevant part that:

> A person ... shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (I) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest.

In this case, Rule 19(a) cannot be invoked to join either judge as "indispensable and necessary parties" because (1) nothing suggests that complete relief cannot be accorded among the parties to this adversary proceeding in the absence of the judges, and (2) neither Chief Judge Thomas nor Judge Dolbin have claimed an interest relating to the subject of this adversary proceeding and their absence from this adversary proceeding will not have an impact on any of the parties to this adversary proceeding. Moreover, as stated earlier, Plaintiff is not seeking any form of relief either for or against the two judges. Chief Judge Thomas and Judge Dolbin are simply not "indispensable and necessary parties" to this proceeding.

---

[11] See fn. 1, above.

[12] See fn. 2, above.

9

Case 5:06-ap-50006    Doc 58    Filed 05/18/06    Entered 05/18/06 15:23:12    Desc Main
Document      Page 9 of 10

## Conclusion

Having found that (1.) both Chief Judge Thomas and Judge Dolbin are entitled to judicial immunity in this matter, (2.) the Complaint fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) as against the judges, and (3.) Plaintiff's attempt to include the judges as "indispensable and necessary parties" is ineffective under Fed. R. Civ. P. 19(a), we will grant the motions of Chief Judge Thomas and Judge Dolbin to dismiss the Complaint as against them. An appropriate Order follows.[13]

---

[13] In the Memorandum Opinion and Order I entered in this adversary proceeding on May 5, 2006, I directed that any party who desired to file any further answers, motions, pleadings, briefs, affidavits, statements, or other documents in this adversary proceeding must first obtain my permission to do so by filing an application with this Court. The May 5 directive applies with equal force and effect to the parties affected by this Memorandum Opinion and Order I enter today.

But I will not grant the further relief requested by counsel for Judge Dolbin, to wit, prohibiting Plaintiff from filing any future adversary proceedings against Judge Dolbin without leave of Court. I believe I lack jurisdiction to order such a prohibition because I am a specially appointed judge whose appointment was expressly limited to this adversary proceeding. Any request for such a prohibition of Plaintiff from filing a new adversary proceeding must be addressed, I believe, to Chief Judge Thomas, who is the Judge assigned to Plaintiff's main bankruptcy case.

10